UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ZURAB KHURIA AND ROILA
ZUMRATSHOEVA,

                   Petitioners,

v.

CHRISTOPHER LAROSE,
GREGORY ARCHAMBEAULT, TODD
LYONS, KRISTI NOEM, AND
PAMELA J. BONDI,

                   Respondents.

Case No.:  26-CV-1743 JLS (BJW)

**ORDER GRANTING IN PART
PETITION FOR WRIT OF
HABEAS CORPUS**

(ECF No. 1)

Presently before the Court are Petitioners Zurab Khuria's and Roila Zumratshoeva's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Pet.," ECF No. 1). Also before the Court is Respondents' Return to Petition ("Ret.," ECF No. 4) and Petitioner's Response to Government's Return ("Traverse," ECF No. 5).  For the reasons set forth below, the Court **GRANTS IN PART** the Petition for a Writ of Habeas Corpus.

## BACKGROUND

Petitioners Zurab Khuria and Roila Zumratshoeva, spouses and citizens of Russia, allege that they have detained by the United States Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE") division at the Otay Mesa

1

Detention Center since August 14, 2025, when they entered the United States at the Otay Mesa Port of Entry to seek asylum. Pet. ¶ 2. Petitioners were placed in removal proceedings and applied for asylum and withholding of removal. *Id.* ¶¶ 31–33. Petitioner Khuria's individual merits hearing is scheduled for April 15, 2026, and Petitioner Zumratshoeva's is scheduled for April 28, 2026. Ret. at 2–3. Petitioners allege that their prolonged detention violates the Due Process Clause of the Fifth Amendment and the Administrative Procedure Act. *See generally* Pet.

## LEGAL STANDARD

A federal prisoner challenging the execution of his or her sentence, rather than the legality of the sentence itself, may file a petition for writ of habeas corpus in the district of his confinement pursuant to 28 U.S.C. § 2241. *See* 28 U.S.C. § 2241(a). The sole judicial body able to review challenges to final orders of deportation, exclusion, or removal is the court of appeals. *See generally* 8 U.S.C. § 1252; *see also Alvarez–Barajas v. Gonzales*, 418 F.3d 1050, 1052 (9th Cir. 2005) (citing REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231, § 106(a)). However, for claims challenging ancillary or collateral issues arising independently from the removal process—for example, a claim of indefinite detention—federal habeas corpus jurisdiction remains in the district court. *Nadarajah v. Gonzales*, 443 F.3d 1069, 1076 (9th Cir. 2006), *abrogated on other grounds by Jennings v. Rodriguez*, 138 S. Ct. 830 (2018); *Alvarez v. Sessions*, 338 F. Supp. 3d 1042, 1048–49 (N.D. Cal. 2018) (citations omitted).

## DISCUSSION

### I.    Jurisdiction

Respondents argue that this Court lacks jurisdiction under 8 U.S.C. § 1252(g) because Petitioners' claims arise from the decision to commence removal proceedings. Ret. at 4. The Court disagrees.

Section 1252(g) provides that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any

alien under this chapter." 8 U.S.C. § 1252(g). Section 1252(g) should be read "narrowly" as to apply "only to three discrete actions that the Attorney General may take: her 'decision or action' to 'commence proceedings, adjudicate cases, or execute removal orders.'" *Ibarra-Perez v. United States*, 154 F.4th 989, 996 (9th Cir. 2025) (quoting *Reno v. American-Arab Anti-Discrimination Committee*, 525 U.S. 471, 482, 487 (1999)). Section 1252(g) "does not prohibit challenges to unlawful practices merely because they are in some fashion connected to removal orders." *Id.* at 997. Section 1252(g) does not bar due process claims. *Walters v. Reno*, 145 F.3d 1032, 1052–53 (9th Cir. 1998) (finding that the petitioners' objective was not to review the merits of their proceeding, but rather "to enforce their constitutional rights to due process in the context of those proceedings").

Here, Petitioners do not challenge the decision to commence removal proceedings or any act to adjudicate or execute a removal order. Rather, Petitioners are challenging their prolonged detention without a bond hearing. Traverse at 4. Petitioners are enforcing their "constitutional rights to due process in the context of the removal proceedings—*not* the legitimacy of the removal proceedings or any removal order." *Garcia v. Noem*, 803 F. Supp. 3d 1064, 1074 (S.D. Cal. 2025). Therefore, § 1252(g) does not strip the Court of jurisdiction.

## II.    Merits

"Neither the Ninth Circuit nor the Supreme Court have provided guidance regarding the point at which an immigration detainee's prolonged mandatory detention becomes unconstitutional." *Amado v. United States Dep't of Just.*, No. 25CV2687-LL(DDL), 2025 WL 3079052, at *5 (S.D. Cal. Nov. 4, 2025). However, "[n]early all district courts that have considered [the constitutionality of prolonged mandatory detention] agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, will—at some point—violate the right to due process." *Singh v. Barr*, 400 F. Supp. 3d 1005 (S.D. Cal. 2019) (internal quotation marks and citations omitted) (cleaned up) (collecting cases). In determining whether detention has become unreasonable, courts evaluate factors including "the total length of detention to date, the likely duration of future

26-CV-1743 JLS (BJW)

detention, and the delays in the removal proceedings caused by the petitioner and the government." *Lopez v. Garland*, 631 F. Supp. 3d 870, 879 (E.D. Cal. 2022). Some courts also consider the conditions of detention and the likelihood that the removal proceedings will result in a final order of removal. *See, e.g.*, *Sadeqi v. LaRose*, No. 25-CV-2587-RSH-BJW, 2025 WL 3154520, at *3 (S.D. Cal. Nov. 12, 2025).

The Court finds that Petitioners have established they are entitled to a bond hearing. Petitioners' length of detention, nearly seven months, without a bond hearing weighs in their favor. Courts have found detention of similar lengths without a bond hearing weighs towards a finding that detention has become unreasonable. *See, e.g.*, *Guatam v. Corr. Corp of Am.*, No. 3:25-CV-3600-JES-DEB, 2026 WL 25846, at *4 (S.D. Cal. Jan. 5, 2026) (finding that one-year detention weighed in favor of granting a bond hearing); *Sadeqi*, 2025 WL 3154520, at *4 (finding that eleven month detention without a bond hearing "absent meaningful rebuttal by [r]espondents" was unreasonable and violated due process); *Amado*, 2025 WL 3079052, at *5 ("Courts have found detention over seven months without a bond hearing weighs toward a finding that it is unreasonable."). The length of detention therefore favors Petitioners.

The Court also finds that the length of detention is indefinite, as Petitioners' individual merits hearings have not yet occurred, and any appeals thereafter may take several years. *See Masood v. Barr*, No. 19-CV-07623-JD, 2020 WL 95633, at *3 (N.D. Cal. Jan. 8, 2020) (noting that the "government cannot predict with any degree of confidence when the BIA appeal will be resolved"). Delay in removal proceedings is neutral since the record does not suggest delay by Respondents nor Petitioner. *See generally* Pet.; Ret. Balancing the discussed factors, the Court concludes that Petitioners' detention has become unreasonably prolonged, and therefore, Petitioners are entitled to a bond hearing.

## CONCLUSION

Based on the foregoing, the Court **GRANTS IN PART** Petitioners' Petition for a Writ of Habeas Corpus (ECF No. 1), and **ORDERS** Respondents to provide Petitioners

with individualized bond hearing within <u>fourteen (14) days</u> before a neutral immigration judge in which the government bears the burden of establishing by clear and convincing evidence that Petitioners are a danger to the community or a flight risk if released.  If no hearing occurs within fourteen days of this Order, Petitioners shall be released from Respondents' custody.

The Parties **SHALL** file a Joint Status Report by <u>April 24, 2026</u>, informing the Court of the outcome of the hearing.  The Clerk of Court **SHALL** close the file.

**IT IS SO ORDERED.**

Dated:  April 6, 2026

Hon. Janis L. Sammartino
United States District Judge

26-CV-1743 JLS (BJW)